# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6848 | **DATE** | 12/4/2002 |
| **CASE TITLE** | Stainer vs. Cracker Barrel Old Country Store | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/18/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Cracker Barrel's motion (Doc 6-1) to strike the testimony of Dr. Carl David Bakken and deny Cracker Barrel's motion (Doc 6-2) for partial summary judgment without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | DEC 05 2002 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | date mailed notice |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office  mailing deputy initials |

Document Number 12

JOSEPH E. STAINER,        )
                          )
        Plaintiff,     )
                          )
vs.                       )   01 C 6848
                          )
CRACKER BARREL OLD COUNTRY STORE, )
INC., a foreign corporation,      )
                          )
        Defendant.     )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant Cracker Barrel Old Country Store, Inc.'s ("Cracker Barrel") motion to strike and partial motion for summary judgement. For the reasons stated below we grant the motion to strike and deny the motion for summary judgement.

## BACKGROUND

Plaintiff Joseph Stainer ("Stainer") ate dinner at the Cracker Barrel restaurant in Bourbonnais, Illinois on October 29, 2000. Stainer ordered an apple dumpling desert and he claims that he burned the roof of his mouth because the dessert was too hot. On the next day Stainer allegedly noticed a blister on the roof of his mouth. On

12

November 1 Stainer claims he did not feel well and began suffering back pain, fever, chills, and soaking sweats. On November 3 Stainer went to see Dr. Lawrence Brown. Dr. Brown noticed a small pustule or canker sore on the roof of Stainer's mouth and diagnosed Stainer as possibly having an infection in his mouth. Stainer again went to see a doctor on November 8 because his symptoms persisted. Dr. Ronald Ryan diagnosed Stainer with "acute sinusitis" and back pain. According to Stainer his condition continued to worsen and on November 26 he went to the emergency room. Stainer was diagnosed with an epideral abscess and vertebral osteomyelitis. He underwent surgery to remove the abscess and to perform a spinal bone fusion. Stainer disclosed Dr. Carl David Bakken ("Bakken") in his Rule 26(a)(2) disclosure. Cracker Barrel seeks to have Bakken's testimony barred and seeks summary judgement on the issue of causation.

## LEGAL STANDARDS

We have discretion in determining whether to grant a motion to strike. *See Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002) (stating that a motion to strike is reviewed under the abuse of discretion standard). Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences that favor the nonmoving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Motion to Strike Bakken's Testimony

The two main factual issues in this case are: 1) whether the pustule in Stainer's mouth on November 3 was infected with the bacteria staphylococcus aureus ("staph"), and 2) if the pustule was infected with the staph bacteria, whether it traveled from Stainer's mouth to his spinal area where the abscess was found. Cracker Barrel claims that Bakken is not able to assist the trier of fact on either issue. Federal Rule of Evidence 702 states:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise,

- 3 -

if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

When expert scientific testimony is proffered the court must serve as a gatekeeper and exclude the testimony unless: 1) the expert's testimony is based on scientific knowledge rather than speculation, and 2) the testimony will assist the trier of fact in determining a factual issue in the case. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993); *Chapman v. Matag Corp.*, 297 F.3d 682, 686 (7th Cir. 2002). A conclusion does not constitute "scientific knowledge" unless it is derived by the scientific method . . . and supported by appropriate validation . . .." *Daubert*, 509 U.S. at 590. The term "scientific" indicates "a grounding in the methods and procedures of science" and the term "knowledge" indicates "more than subjective belief or unsupported speculation." *Porter v. Whitehall Laboratories, Inc.*, 9 F.3d 607, 613 (7th Cir. 1993). In determining whether an expert's scientific testimony is reliable and thus is based upon scientific knowledge the court should consider: 1) whether the hypothesis can and has been tested, 2) whether the hypothesis has been the subject of peer review and publication, 3) what is the "known or potential rate of error" for the method or theory, and 4) whether the scientific community generally accepts the hypothesis as true. *Daubert*, 509 U.S. at 594.

A. Evidence Relied Upon by Bakken

Stainer points out that Bakken testified in his deposition that he regularly consults a textbook entitled Mandell, Douglass & Bennett's Principles and Practice of Infectious Diseases (hereinafter Mandell & Douglas) and Stainer asserts that Bakken's opinions are based upon that source. However, Stainer's Rule 26(a)(2) disclosure indicates that Bakken's "opinions are based upon his education, knowledge and experience as an infectious disease specialist." Stainer does not mention any other source that Bakken relied upon in forming his opinions in the Rule 26(a)(2) statement or in the supplemental statement. We will hold Stainer to his own words in the 26(a)(2) statement and will not consider the sections of Mandell & Douglas submitted by Stainer along with his answer to this motion as a basis for Bakken's opinions. Thus, we must determine whether Bakken's findings could be based on his education, knowledge, and experience.

B. Whether the Pustule was Infected with Staph Bacteria

Bakken concludes that the pustule in Stainer's mouth was infected with staph bacteria. According to Bakken the pustule described by Dr. Brown is commonly found when there is a staph infection in the mouth. We think that Bakken could rely on his prior education for the conclusion that such a pustule could indicate a staph infection. However, Bakken goes farther and concludes that the pustule in Stainer's mouth was

in fact infected with the staph infection. Staph bacteria is only one of many types of bacteria that could cause such a pustule in the mouth. (Bakken Dep. 44-45). Although Bakken testified that pustular lesions are "more consistent with a staph aureus infection," we do not think that sufficient to raise his ultimate conclusion to a level above mere speculation. The pustule in Stainer's mouth was never tested for staph bacteria and Bakken has no other reliable basis upon which to base his conclusion that Stainer's mouth was infected with staph bacteria.

Bakken's main basis for concluding that the infection in Stainer's mouth contained staph bacteria was that staph bacteria was ultimately found in the epideral abscess. However, we will not consider the abscess culture a reliable basis because in order to rely on that evidence one would need to presuppose that the infection traveled from Stainer's mouth to his spine. As will be explained below, the theory regarding the travel of the staph bacteria from Stainer's mouth through his bloodstream is an unsupported hypothesis as well. Bakken cannot legitimatize one theory by relying on other theories that are themselves mere speculation.

C. Whether a Staph Infection Traveled From Stainer's Mouth to his Spine

Bakken also concludes that the staph infection originated in Stainer's mouth and traveled through his bloodstream to his spine where the epideral abscess formed. Bakken claims that he thinks the infection originated in Stainer's mouth because "the

lymphatic drainage of the mouth leads to the retropharyngeal area" and the "venous drainage of the roof of the mouth leads to the retropharyngeal area" where staph bacteria can "enter the bloodstream and travel throughout the body." Bakken can testify before the trier of fact regarding the basic structure and functions of the human body. Such testimony could be based on his prior education and training which would be a reliable basis.

However, Bakken goes further and indicates he thinks that in Stainer's case the alleged staph infection in Stainer's mouth traveled through Stainer's bloodstream to his spine. Bakken does more than indicate that the physical makeup of the human body makes such a phenomenon theoretically possible. He concludes that the phenomenon actually occurs and did occur in Stainer's case. Bakken's assertion is not supported by any scientific evidence. Bakken has not pointed to any publication or study that indicates that such a theory is reasonable. Bakken has not tested this theory or shown that anyone else has tested this theory. Bakken has not shown that this theory is one generally accepted in the medical field and Stainer does not contest Cracker Barrel's assertion that there has never been a reported case of vertebral osteomyelitis or an epideral abscess originating in the mouth or of a blood borne staph infection originating in the mouth.

Stainer argues that Bakken based his theory on Bakken's experience as a physician. However, Bakken admits that he has never seen or heard of a case where a blood borne staph infection originated in the mouth or where the mouth was the port of entry for vertebral osteomyelitis or an epideral abscess. Therefore, Bakken could not base his opinion on his prior experience and his conclusion that an infection originated in the Stainer's mouth and traveled through his bloodstream to his spine is nothing more than speculation. *See Porter*, 9 F.3d at 614-17 (finding that experts' testimony was properly excluded because experts' theory was a merely a hypothetical explanation that was not yet proven scientifically). Thus, we grant Cracker Barrel's motion to strike Bakken's testimony.

## II. Motion For Partial Summary Judgement on Issue of Causation

Cracker Barrel requests that we grant its motion for partial summary judgment on the issue of causation because absent Bakken's testimony there is insufficient evidence for a reasonable jury to find in Stainer's favor on the issue of causation. Cracker Barrel has not filed a statement of material facts as required by local rule 56.1. We deny the motion for partial summary judgement without prejudice to being reconsidered when properly supported.

## CONCLUSION

Based on the foregoing analysis we grant Cracker Barrel's motion to strike the testimony of Dr. Carl David Bakken and deny Cracker Barrel's motion for partial summary judgment without prejudice.

*[signature]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: <u>December 4, 2002</u>