# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6848 | DATE | 3/12/2003 |
| CASE TITLE | Stainer vs. Cracker Barrel Old Country Store | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/1/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the motion (Doc 14-1) to supplement the Rule 26(a)(2) statement.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 13 2003 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 13 2003

JOSEPH E. STAINER, )
)
               Plaintiff, )
)
vs. ) 01 C 6848
)
CRACKER BARREL OLD COUNTRY STORE, )
INC., )
)
               Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Plaintiff Joseph E. Stainer's ("Stainer") motion to supplement his Rule 26(a)(2) disclosures. On December 4, 2002 we granted Defendant Cracker Barrel Old Country Store, Inc.'s ("Cracker Barrel") motion to strike Dr. David Bakken ("Bakken") as an expert witness for Stainer. One of the bases for our ruling was the fact that Stainer's Rule 26(a)(2) disclosures indicate that Bakken relied solely on his own education, knowledge, and experience in forming his opinions for this case. Stainer now seeks leave to amend his Rule 26(a)(2) statement to allege that Bakken relied on a textbook entitled Mandell, Douglas & Bennet Principles and Practice of Infectious Disease ("Mandell text"). If this motion is granted, presumably

17

Stainer's next step would be to try and have Bakken readmitted as an expert witness, but for the reasons stated below we deny the motion.

## DISCUSSION

Stainer cites *Spearman Indus., Inc. v. St. Paul Fire and Marine Ins. Co.*, 138 F. Supp. 2d 1088 (N.D. Ill. 2001), in support of his argument that he should be given leave to amend his Rule 26(a)(2) statement. In *Spearman Indus. Inc.*, the court considered whether to sanction the plaintiff and bar an expert witness because the witness was not disclosed in the plaintiff's Rule 26(a)(2) statement. *Id.* at 1094. However, in our prior ruling we did not bar the admission of the Mandell text as part of any discovery sanction because it was not disclosed in accordance with Rule 26(a)(2). This is not an instance where the Mandell text was mistakenly omitted from the Rule 26(a)(2) statement. The Rule 26(a)(2) statement, the supplemental statement, and Bakken's deposition testimony affirmatively indicated that he did not rely on any literature in forming his opinions. Stainer attempted to introduce the Mandell text along with his answer to the motion to strike. We simply took Stainer at his own word and chose the version of events presented by him that was best supported and thus excluded the Mandell text which was inconsistent with Stainer's other claims that Bakken did not rely on any literature and relied solely on his knowledge, education,

and experience. Cracker Barrel is correct to point out that Stainer is attempting to contradict his prior Rule 26(a)(2) statement rather than attempting to supplement it.

Even were we to view our prior ruling as a discovery sanction, barring the introduction of the Mandell text, the ultimate result is the same for the purposes of the motion to amend. A party is not permitted to use evidence at trial that was not properly disclosed according to Rule 26(a) unless the omission was justified or harmless. Fed. R. Civ. P. 37(c)(1). In deciding whether to bar evidence due to a transgression of Rule 26(a) the court should consider: 1)the prejudice or surprise to the opposing party if the evidence is admitted, 2) the disruption if the evidence is admitted, and 3) whether there is an indication of bad faith in not producing the evidence sooner. *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995). An admission of the Mandell text would be a surprise to Cracker Barrel in light of Stainer's repeated assurances that Bakken did not rely on any literature in forming his opinions. Also, were we to admit the Mandel text, because Bakken never indicated in his deposition that he relied on the text, we would need to reopen discovery to allow further depositions. After concluding the renewed discovery, the parties will then likely need to reargue the motion to strike Bakken's testimony and we will need to determine if the Mandell text is sufficient to warrant the admittance of Bakken as an expert witness, which is by no means a

foregone conclusion. Thus, to admit the Mandell text would cause undue disruption in this case.

In addition we have every indication that the arguments included in this motion to amend lack sincerity and that the motion is brought in bad faith. Instead of worrying about discovery sanctions under Rule 37(c), Stainer's counsel would do well to concern themselves with Federal Rule of Civil Procedure 11(c) which provides for sanctions when a motion such as this is filed. Stainer's original 26(a)(2) statement did not indicate that Bakken relied on any literature in forming his opinions. Cracker Barrel sent a letter to Stainer's counsel on July 16, 2002 noting that the 26(a)(2) statement indicated that Bakken relied solely on his own education and experience. In the letter Cracker Barrel specifically requested that Stainer provide any other basis for Dr. Bakken's conclusions and opinions. Stainer's counsel then sent a letter to Cracker Barrel's counsel indicating that Bakken would not be relying on any specific literature and filed a supplemental 26(a)(2) statement which again failed to disclose the Mandell text as a basis for Bakken's opinions. Also, before Bakken's deposition Stainer's counsel was informed in writing that Bakken would be required to produce any publications relied upon in forming his opinions. Thus, despite having ample opportunity to correct the supposed mistaken omission, Stainer failed to include the Mandell text as a basis for Bakken's opinions. Most troubling of all is that the motion

to amend and the accompanying affidavit present a version of events that contradicts Bakken's prior deposition testimony. There is no reason to believe that Bakken simply forgot about the Mandell text during his deposition. Bakken discussed the Mandell text during his deposition and indicated that he regularly consulted it in his practice as an infectious disease specialist (Bakken dep. pp. 27-28). Notably absent from the deposition testimony, however, is any indication that he relied on the Mandell text in forming his conclusions and opinions for this case. When asked: "You have not reviewed any literature in connection with forming your opinions in this case?," Bakken replied: "No." When asked: "You didn't do any search of medical – MEDLINE search or other search through medical texts to help you in formulating your opinions?", Bakken answered: "No." Bakken was again asked at the end of his deposition if there was any other basis not mentioned that he used to formulate his opinions in this case, and he replied: "No."

Inexplicably Stainer now seeks to amend his 26(a)(2) statement and presents an affidavit signed by Bakken indicating that Bakken relied on the Mandell text in forming his opinions for this case. Stainer offers no explanation in his motion for Bakken's sudden change of heart or for Stainer's failure to correct the supposed mistaken omission prior to the filing of the motion to strike. This motion to amend illustrates the worst aspects of allowing in expert testimony at trial. We truly wonder

what assistance experts can be to a lay person jury if experts such as this can be found that will tailor and alter their supposed genuine opinions to meet the precise needs of those who pay them. Stainer apparently sees nothing wrong with presenting this court with a version of events that is contrary to those presented by Stainer and Bakken on prior occasions. He asks us to accept his current version of events and leaves us to speculate as to whether the prior version of events was a result of perjury and deception or mere incompetence. We granted the motion to strike Bakken's testimony. Stainer cannot now alter his version of events using hindsight to obtain a second review of the admissibility of Bakken's testimony and it would be unfair to prejudice Cracker Barrel in such a manner.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to supplement the Rule26(a)(2) statement.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 12 2003